**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN C. BURT,<br><br>  Plaintiff,<br><br>v.<br><br>HEATHER BOLDEN, *et al.*,<br><br>  Defendants. | Civil Action No. 25-2265 (MAS) (TJB)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Steven C. Burt's complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-2.) Having reviewed the application, Plaintiff shall be granted *in forma pauperis* status. Because Plaintiff shall be granted *in forma pauperis* status in this matter, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

**I.      BACKGROUND**

Although Plaintiff has since been released from prison, Plaintiff's complaint focuses on events that occurred while he was detained in South Woods State Prison in December 2024. (ECF No. 1 at 2.) According to Plaintiff, on December 10, 2024, Plaintiff was accidentally given legal mail belonging to another inmate, which was thereafter recovered and delivered to the appropriate

inmate. (*Id.* at 2-3.) Plaintiff asked about his own mail, and was told it may have been accidentally switched and delivered to another inmate, and if Plaintiff had legal mail it would eventually be delivered to him. (*Id.*) Plaintiff did not ever receive any legal mail stemming from this switch up. Plaintiff, however, does not clearly allege that he was expecting legal mail or what he believes it was he did not receive. (*Id.*) Plaintiff also does not clearly allege which Defendants were actually involved in this mail mishap, stating only that an Officer Johnson, who is not named as a Defendant, was the one who retrieved the mail, and that Plaintiff believes the mix up may have been the fault of one of the John Doe mail workers. (*Id.*)

Plaintiff also alleges that, in February 2025,[1] he requested permission to place a call from Defendant Bolden. Plaintiff, however, does not specify the nature of the call or its importance. (*Id.* at 3.) Bolden told Plaintiff he would need to place a request through the prison's JPAY inquiry and grievance system, but Plaintiff refused as a response to a JPAY request could take fifteen days and he would be released before the fifteen days expired. (*Id.*) Plaintiff alleges that Bolden also told him he would not get special treatment just because he worked in the prison law library, and fired Plaintiff from his job there, which Plaintiff alleges deprived him of full legal access. Based on these allegations, Plaintiff appears to be alleging a civil rights claim for interference with his legal mail, denial of access to the courts, and an equal protection claim in which Plaintiff asserts that Holden denied him equal protection in relation to the denial of permission to make a legal call through the law library. (*Id.* at 4-5.)

---

[1] Plaintiff's complaint alleges this occurred in February 2024, but that it occurred less than fifteen days before his release from prison in March 2025. The Court therefore considers the 2024 date to be a mistake. Plaintiff also seems to suggest this event took place after the December 2024 mail issue, further supporting this conclusion.

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A

3

complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In his complaint, Plaintiff seeks to raise three civil rights claims pursuant to 42 U.S.C. § 1983 and its state court analog, the NJCRA[2]: interference with legal mail, denial of access to the courts, and an equal protection claim. Turning first to Plaintiff's purported equal protection claim, Plaintiff provides only a bald assertion that Defendant Bolden "allowed white [prisoners] to make legal calls and not the Plaintiff." (*Id.* at 4.) Plaintiff does not clearly plead his membership in a protected class, although the Court presumes that Plaintiff belongs to a non-white racial group. In order to plead an equal protection claim, however, Plaintiff must, at a minimum, plead that he was treated differently than other similarly situated individuals because of his belonging to a protected class or that he was treated differently from a similarly situated individual and the different treatment was without a rational basis. *See, e.g., Wofford v. Lanigan*, No. 14-5723, 2015 WL 9480016, at *5 (D.N.J. Dec. 28, 2015) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 563 (2000)). The identification of another similarly situated individual who was treated differently is thus a necessary condition for pleading an equal protection claim. *See Watlington ex. rel. FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x 137, 139 (3d Cir. 2018). Plaintiff has

---

[2] The NJCRA is New Jersey's analogue to a federal civil rights claim under § 1983 and, with rare exceptions not applicable here, claims under the NJCRA are construed identically to an equivalent federal claim and are subject to the same defenses. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). This Court therefore discusses both types of claims together under § 1983 as the same legal standards, elements, and defenses apply to both the federal and state statutes. *Id.*

4

identified no other similarly situated individual, and provides only a conclusory allegation that he was treated differently than others on a racial or other basis. Because Plaintiff has failed to plead an identifiable, similarly situated person who was treated differently, he fails to state a plausible equal protection claim, and that claim must be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff's access to the courts claim fares no better. In order to proceed with such a claim, a plaintiff must not only show that the defendants acted in such a way that inhibited the plaintiff's ability to access the courts, but also that, as a result of the defendants' actions, he suffered an actual injury in the form of a lost case or claim which otherwise would have resulted in the granting of relief. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Adekoya v. Chertoff*, 431 F. App'x 85, 89 (3d Cir. 2011). Here, Plaintiff has failed to identify any claim or case that was lost as a result of the legal mail mix up or the brief delay in his ability to make a legal call shortly prior to his release, and has otherwise failed to allege that he could not make a call through means other than the law library. Plaintiff, therefore, fails to state a plausible claim for relief for denial of access to the courts. Plaintiff's denial of access claim is dismissed without prejudice for failure to state a claim upon which relief may be granted.

Finally, Plaintiff alleges that the mail mix up that resulted in legal mail being misdelivered and him possibly failing to receive a single piece of legal mail amounts to a denial of his rights. A "single instance of interference with an inmate's legal mail is not sufficient to constitute a [constitutional] violation." *Fortune v. Hamberger*, 379 F. App'x 116, 120 (3d Cir. 2010) (citing *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1995)). As Plaintiff, at best, alleges only a single instance in which his mail was accidentally mixed up with that of another inmate, his complaint fails to state a plausible claim for relief and his legal mail claim must be dismissed without prejudice as such. As all of Plaintiff's

claims fail to state a plausible basis for relief, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Plaintiff shall be granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE