**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN C. BURT,<br><br>    Plaintiff,<br><br>    v.<br><br>HEATHER BOLDEN, *et al.*,<br><br>    Defendants. | Civil Action No. 25-2265 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

  This matter comes before the Court on Plaintiff Steven C. Burt's amended complaint (ECF No. 6) and motion seeking appointed counsel (ECF No. 5). Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

  In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips*

*v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

In his amended complaint, Plaintiff alleges the following: on February 27, 2025, less than three weeks before his release from prison, Plaintiff made a request to Defendant Bolden to make a legal phone call. (ECF No. 6 at 2-3.) Bolden told Plaintiff that if he wished to make a call, he had to put an inquiry into the prison's JPAY grievance system. (*Id.* at 3.) Plaintiff refused, reasoning that he would be released before receiving a response through the JPAY system. (*Id.*) Bolden denied Plaintiff's request to make a legal phone call without filing through JPAY, telling Plaintiff that he would not receive special privileges merely because he worked in the law library.

2

(*Id.*) Plaintiff reported the denial to other prison staff, and was thereafter fired from his law library job by Bolden and moved a different prison unit. (*Id.*) Plaintiff alleges, without elaboration, that as a result of these events a case he had filed in an unspecified court was dismissed for "lack of persecution." (*Id.*) Plaintiff does not detail what case this was, where it was filed, or why his failure to make a legal phone call to unspecified persons caused this dismissal. (*Id.*)

In his amended complaint, Plaintiff seeks to raise civil rights claims pursuant to 42 U.S.C. § 1983 and its state court analog, the NJCRA[1] alleging that Defendant Bolden denied him access to the courts and retaliated against him. Having reviewed Plaintiff's amended complaint, the Court finds no basis for the dismissal of Plaintiff's First Amendment retaliation claim at this time, and will permit that claim to proceed. *See, e.g., Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (loss of prison job in response to protected activity sufficient to support retaliation claim at the pleading stage).

Plaintiff's access to the courts claim, however, is deficient. Plaintiff alleges that Defendant denied him access to the courts when she refused to permit him to make a phone call without first filing a JPAY request. In order to proceed with such a claim, a plaintiff must show that the defendants acted in a way that inhibited the plaintiff's ability to access the courts and that, as a result of the defendants' actions, he suffered an actual injury in the form of a lost case or claim which otherwise would have resulted in the granting of relief. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 349-50 (1996); *Adekoya v. Chertoff*, 431 F. App'x 85, 89 (3d Cir. 2011). Here, Plaintiff alleges only that he had an unspecified case, of unspecified merit, dismissed for "lack of

---

[1] The NJCRA is New Jersey's analogue to a federal civil rights claim under § 1983 and, with rare exceptions not applicable here, claims under the NJCRA are construed identically to an equivalent federal claim and are subject to the same defenses. *See, e.g., Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443-44 (D.N.J. 2011). This Court therefore discusses both types of claims together under § 1983 as the same legal standards, elements, and defenses apply to both the federal and state statutes. *Id.*

persecution" after he failed to make the legal call in question. Plaintiff, however, does not provide details regarding: (1) the call he intended to make; (2) why the call was relevant to his case; (3) the case that was dismissed; and (4) the merits of the dismissed case. Given the fact that the case was apparently dismissed for lack of prosecution, it is doubtful that a phone call to the Court or otherwise, absent additional action on Plaintiff's part to actually prosecute his case through service or filing appropriate motions, would have prevented the dismissal of his case. Here, Plaintiff has not adequately alleged that the case was potentially meritorious. Further, Plaintiff has not otherwise explained why the failure to make a single phone call for a few weeks between his request on February 27 and his release on March 18 was responsible for the dismissal of his case. Plaintiff has therefore failed to plead that he suffered an actual injury as a result of the alleged denial of access to a legal phone call, and thus fails to state a plausible claim for relief for denial of access to the courts. Plaintiff's denial of access claim is therefore dismissed without prejudice.

In addition to filing an amended complaint, Plaintiff has filed a motion seeking the appointment of counsel. (ECF No. 5.) Although civil plaintiffs have no right to the appointment of counsel in civil rights matters, the Court has wide discretion to appoint counsel where the Court finds that the appointment of counsel is warranted. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether the appointment of counsel is warranted, the Court must first determine whether the plaintiff is indigent and whether his claims have merit. *Tabron*, 6 F.3d at 155-57; *Cuevas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011). Where an indigent plaintiff presents meritorious claims, the Court then must weigh various factors to determine whether the appointment of counsel is warranted. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45. Those factors include the litigant's ability to present his case, the complexity of the legal issues involved, the degree to which factual investigation will be necessary and the plaintiff's ability to conduct such an investigation,

4

the litigant's ability to retain counsel on his own behalf, the extent to which the case turns on credibility, and whether expert testimony will be required to resolve the case. *Tabron*, 6 F.3d at 155-57; *Cuevas*, 422 F. App'x at 144-45.

In this matter, Plaintiff has established his indigence and has presented one claim of at least arguable merit – his retaliation claim. The Court, however, finds that the appointment of counsel is not warranted in this matter because the one meritorious claim Plaintiff has presented is very straightforward and is unlikely to require significant discovery. Furthermore, Plaintiff has adequately presented the claim on his own behalf in his amended complaint. The Court also notes that Plaintiff's claim is unlikely to require significant investigation because Plaintiff pleads he was personally present for all of the relevant events including the call to have him fired. In addition, the matter is not likely to require expert testimony. Thus, having reviewed the relevant factors, the Court finds that the appointment of counsel is not warranted at this time, and Plaintiff's motion is denied without prejudice.

**IT IS THEREFORE** on this 22nd day of April, 2025, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter;
2. Plaintiff's denial of access to the courts claim is **DISMISSED WITHOUT PREJUDICE**;
3. Plaintiff's First Amendment retaliation claim shall **PROCEED** at this time;
4. The Clerk of the Court shall provide Plaintiff a copy of the USM-285 form for Defendant Bolden;
5. Plaintiff shall complete the form and return it to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608;
6. Upon Plaintiff's sending of the completed form to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the amended

complaint (ECF No. 6), summons, and this Order upon Defendant Bolden pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States;

7. Defendant shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2);

8. Plaintiff's motion seeking appointed counsel (ECF No. 5) is **DENIED WITHOUT PREJUDICE**; and

9. The Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE